IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLIFFORD RYONO,                                    CV 07-157-MA

          Petitioner                    OPINION AND ORDER

v.

CHARLES DANIELS, Warden,
FCI Sheridan, and UNITED
STATES PAROLE COMMISSION,

          Respondent


CLIFFORD RYONO
#74645-012
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

      Petitioner Pro Se


1 - OPINION AND ORDER

KARIN J. IMMERGUT
United States Attorney
SCOTT ERIK ASPHAUG
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

     Attorneys for Respondent


MARSH, Judge.

     Petitioner brings this Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2241, alleging he is unlawfully incarcerated based on the United States Parole Commission's decisions to rescind his previously established parole date of December 1, 2005, and to require him to serve an additional 32 months until the expiration of his sentence for "1 drug-related infraction."  He also challenges the failure of the National Appeals Board (NAB) to issue a ruling on his appeal of the Commission's decision.  For the reasons that follow, the court **DENIES** the Petition and **DISMISSES** this action.

<u>BACKGROUND</u>

     On January 4, 1988, petitioner began serving a 26 year-sentence for bank robbery and use of a weapon.  Since then, he has been paroled twice and had his parole revoked both times because he used controlled substances.  The Commission also has rescinded four prior parole dates because of petitioner's continued use of illegal drugs and a weapon in prison.


2 - OPINION AND ORDER

**The Commission's Decision**.

When it rescinded petitioner's parole date and extended it by 32 months, the Commission went outside the parole date rescission guidelines of 0-8 months for a single drug infraction. See 28 C.F.R. § 2.36(a)(1)(a "category one" severity rating has a guideline of "<= 8 months.").

The Commission, however, is permitted to depart from the guidelines "where circumstances warrant . . . provided specific reasons are given."  28 C.F.R. § 2.36(b).  Here, the Commission, in its Notice of Action, explained to petitioner that it deviated from the guidelines because:

> you are a poorer risk than indicated by your
> guidelines because since your last parole
> revocation in August 1999, you have had an
> established parole date retarded or rescind
> (*sic*) four previous times.  The current
> rescission is your fifth.  Based on your
> continued violation of the institution rules,
> it is clear that you lack the motivation to
> remain drug free and it is unlikely that you
> have the ability to complete a period of
> parole supervision if you are released.

Govt's Answer to Petition, Ex. U.

**Merits of the Decision**.

Petitioner first challenges the merits of the Commission's decision, arguing the Commission lacked good cause to impose the additional 32 months rather than the guideline of 0-8 months based on the nature of his violation.

3 - OPINION AND ORDER

The government, however, points out this court's review is limited to determining "whether the Commission exceeded its statutory authority or acted so arbitrarily as to violate due process." <u>Benny v. United States Parole Commission</u>, 295 F.3d 977, 981-82 (9th Cir. 2002), <u>citing</u> <u>Wallace v. Christensen</u>, 802 F.2d 1539, 1551-52 (9th Cir. 1986)(<u>en</u> <u>banc</u>)("Judgments involving a broad range of factors that the Commission takes into account in arriving at its decision are committed to the Commission's discretion and are unreviewable even for abuse of discretion." <u>Id</u>. at 1551.

I agree with the government that the merits of the Commission's decision in this context are beyond the purview of this court because Petitioner has failed to establish a colorable claim exists that the Commission acted outside of its statutory authority or in violation of petitioner's constitutionally-protected due process rights.

**Appeal to National Appeals Board.**

Petitioner next argues that he appealed the Commission's decision to the NAB on November 15, 2006, and has yet to receive a ruling despite the requirement that the NAB decide the appeal within 60 days of its filing.  <u>See</u> 28 C.F.R. § 2.26(c)("The National Appeals Board shall act within sixty days of receipt of the appellant's papers, to affirm, modify, or reverse the

4 - OPINION AND ORDER

decision."). Petitioner notes his sentence ends in March 2008.[1]

The government offers no explanation for the Board's delay in deciding the appeal but asserts "Petitioner's claims regarding the administrative appeal and any possible prejudice he may have incurred . . . are not ripe for review."

"In order to make out a constitutional claim, [petitioner] must show that the delay in resolving the appeal was both unreasonable and prejudicial." See Hopper v. U.S. Parole Commission, 702 F.2d 842, 845 (9th Cir. 1983). Here, in the absence of any explanation for the NAB's delay of more than eight months in deciding petitioner's appeal, I find the delay is unreasonable.

Nevertheless, I conclude, in the context of this case, the Board's violation of its own administrative regulations has not prejudiced plaintiff and, therefore, does not give rise to a "constitutional claim." The only prejudice petitioner asserts is that his ultimate release in March 2008 will render any relief, i.e., early release, futile. His argument appears to be that his liberty interest between now and then would be harmed if the Board were ultimately to rule favorably on his appeal.

---

[1] Petitioner was erroneously informed the Commission's decision was not appealable and he missed the 30-day deadline for filing an appeal to the NAB. See 28 C.F.R. § 2.26(d). The government does not challenge the timeliness of his appeal.

Petitioner, however, does not have liberty interest in the timely disposition of his appeal.  See Judd v. Baer, 911 F.2d 571, 573-74 (11th Cir.  1990)("No grant or withdrawal of any entitlement is expressly conditioned upon the NAB's timely rendering of its decision.").  Absent prejudice, the proper remedy for the Board's delay in reviewing the Commission's decision to rescind petitioner's parole date "is not habeas relief, but rather a writ of mandamus compelling compliance with [regulatory] time periods." Judd, 911 F.2d at 574;  Berg v. United States Parole Commission (per curiam), 735 F.2d 378 n.3 (9th Cir. 1984); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983).

## CONCLUSION

For these reasons, the court **DENIES** the Petition for Writ of habeas Corpus (#1) and **DISMISSES** this action.

IT IS SO ORDERED

DATED this 6   day of September, 2007.


/s/  Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge


6 - OPINION AND ORDER